Electronically Filed
Intermediate Court of Appeals
30658
22-NOV-2010
03:20 PM

NO. 30658

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

H. ISABELLE MCGARRY TRUST OF MARCH 19, 1971,
Plaintiff-Appellant,

v.

STATE OF HAWAI'I, STEPHEN WHITTAKER,
DAVID KAAPU, CARL VINCENTI, DAVID LACY, and BARBARA LACY,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 09-1-0337K)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of (1) Howard Hofelich's appeal from the
Honorable Ronald Ibarra's July 30, 2010 "Order Denying
Plaintiff's Motion for Default Judgment and Sua Sponte Order
Dismissing the Claim Against Defendant Carl Vincenti" (the
July 30, 2010 interlocutory order), and (2) the record on appeal,
it appears that we do not have jurisdiction over Appeal No. 30658

because the July 30, 2010 order is not an independently appealable order under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009).[1]  HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees.  Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court."  HRS § 641-1(c).  Rule 58 of the Hawaii Rules of Civil Procedure (HRCP) specifically requires that "[e]very judgment shall be set forth on a <u>separate</u> document." (Emphasis added.)  Based on this requirement, the supreme court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]"  <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1134, 1338 (1994).  The separate judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)."  <u>Id.</u>  "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed."  <u>Id.</u> at 120, 869 P.2d at 1339 (footnote

---

[1]    It also appears that Howard Hofelich may lack standing to assert an appeal in this case because: (1) Howard Hofelich never obtained the circuit court's permission to intervene as a party in this case pursuant to Rule 24 of the Hawai'i Rules of Civil Procedure; (2) Howard Hofelich has not provided reliable evidence that he is the trustee of Plaintiff-Appellee H. Isabelle McGarry Trust of March 19, 1971 an Illinois Trust; and (3) even if Howard Hofelich is the trustee, Howard Hofelich is not licensed to practice law in Hawai'i and appear on behalf of another person in litigation.  <u>See</u> <u>Abaya v. Mantell</u>, 112 Hawai'i 176, 181, 145 P.3d 719, 724 (2006) (a person must be a party to an action in order to assert an appeal); <u>Oahu Plumbing and Sheet Metal, Ltd. v. Kona Construction, Inc.</u>, 60 Haw. 372, 377, 590 P.2d 570, 573 (1979) (persons who are not licensed to practice law in Hawai'i are not permitted to act as attorneys and represent other natural persons); <u>Tradewinds Hotel, Inc. v. Cochran</u>, 8 Haw. App. 256, 265, 799 P.2d 60, 66. (1990) (regarding a trustee representing a trust in litigation).

omitted).  Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment."  Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added).

On October 5, 2010, the appellate court clerk filed the record on appeal for Appeal No. 30658, at which time there was no separate and final judgment in the record on appeal for this case.  Absent a separate and final judgment, this appeal is premature and this court lacks jurisdiction.

Accordingly, IT IS HEREBY ORDERED that appellate court case number 30658 is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, November 22, 2010.

Presiding Judge

Associate Judge

Associate Judge